905 F.2d 1538
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Billy Jack POTTER, Plaintiff-Appellant,
v.
ASHLAND OIL, INCORPORATED, Defendant-Appellee.
 No. 89-6045.
 United States Court of Appeals, Sixth Circuit.
 June 20, 1990.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Billy Jack Potter appeals the district court's order that denied his motion for a preliminary injunction and dismissed the case that he had brought under the Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C. Secs. 2801-06. Potter's case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 In his complaint, Potter alleged that Ashland Oil Co., Inc. ("Ashland") had violated the PMPA by terminating his franchise to operate a service station. Potter also alleged that Ashland had misused state civil procedures when it evicted him from the station, however, he has abandoned that claim on appeal. Cf. McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 3
 Under the PMPA, a franchise may only be terminated for specific statutorily enumerated reasons. 15 U.S.C. Secs. 2802(a) & (b). One of those reasons is "[t]he occurrence of an event which is relevant to the franchise relationship and as a result of which termination of the franchise or nonrenewal of the franchise relationship is reasonable." 15 U.S.C. Sec. 2802(b)(1)(C). One of the events that is expressly included in this subsection is a "failure by the franchisee to pay to the franchisor in a timely manner when due all sums to which the franchisor is legally entitled." 15 U.S.C. Sec. 2802(c)(8). It is undisputed that Potter's franchise was terminated because he failed to pay the rental fees on his service station. However, the courts "must scrutinize the reasonableness of terminations even when an event enumerated in Sec. 2802(c) has occurred." Marathon Petroleum Co. v. Pendleton, 889 F.2d 1509, 1512 (6th Cir.1989).
 
 
 4
 Potter argues that Sec. 2802(c)(8) does not apply because he made an offer of partial payment on the day that his franchise was terminated and because he offered to pay the entire amount that had been due five days later. However, it was not unreasonable for Ashland to terminate the franchise because Potter's first offer was considerably less than the amount that was owed and his second offer was not timely. Cf. id. at 1512; Clinkscales v. Chevron U.S.A., Inc., 831 F.2d 1565, 1571-73 (11th Cir.1987).
 
 
 5
 Potter also argues that his failure to pay Ashland was caused by factors that were beyond his control. The term failure, as used in the PMPA, does not include "any failure for cause beyond the reasonable control of the franchisee." 15 U.S.C. Sec. 2801(13)(B). Potter argues that his failure to pay was caused by the ineptitude and malfeasance of his employees and by a third party's breach of contract. However, the selection of Potter's employees and business associates was wholly within his control. Cf. Sun Refining and Marketing Co. v. Rago, 741 F.2d 670, 673-74 (3d Cir.1984); Moody v. Amoco Oil Co., 734 F.2d 1200, 1217 (7th Cir.), cert. denied, 469 U.S. 982 (1984). It was not unreasonable for Ashland to terminate Potter's franchise when he did not exercise that control effectively.
 
 
 6
 Accordingly, it is hereby ORDERED that the district court's order be affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.